UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAMMAR INDUSTRIES, INC.,

               Plaintiff,

v.

BEACH MOLD AND TOOL, INC.,

               Defendant.
_____/

Case No. 15-cv-12694

Paul D. Borman
United States District Judge

## CIVIL CASE MANAGEMENT AND SCHEDULING ORDER

This civil matter having come before the Court pursuant to Fed. R. Civ. P. 16, and the parties having submitted a proposed discovery plan, the Court enters the following schedule to manage the progress of the case:

| | |
|---|---|
| Rule 26(a)(1) Initial Disclosures: | November 16, 2015<br>(per Rule 26 - exchanged but not filed) |
| Amendments to Pleadings and Addition of Parties Requiring Consent or Leave of Court: | N/A |
| Witness Lists Exchanged By: | November 30, 2015 |
| Fact Discovery Cutoff: | March 31, 2016 |
| Expert Disclosures (Proponent): | December 15, 2015 |
| Expert Disclosures (Rebuttal): | January 15, 2016 |
| Expert Discovery Cutoff: | April 15, 2016 |
| Motions Challenging Experts filed by: | May 15, 2016 |
| Dispositive Motions filed by: | May 15, 2016 |

| | |
|---|---|
| Motions *In Limine* (non-expert related): | TBD |
| Final Pretrial Order Due: | TBD |
| Final Pretrial Conference: | TBD |
| Trial Date: | TBD |
| Jury or Bench Trial: | Bench trial. |

## CASE MANAGEMENT GUIDELINES

**I.   MOTION PRACTICE**

**A.  CONCURRENCE**: The Court requires strict compliance with E.D. Mich. L.R. 7.1(a) regarding concurrence, and the Court will strike pleadings and impose costs for failure to comply with the Local Rule.

**B.  FILING AND FORMAT OF PAPERS**:  All briefs shall comply in all respects with Eastern District of Michigan Local Rules 5.1 and 7.1, in particular page limits, margins and fonts. Briefs shall contain a table of contents, table of authorities, and an index.  Unless specifically ordered otherwise by the Court, the parties shall follow the time limits set forth in E. Mich. L. R. 7.1.

**C.  COURTESY COPIES**: A courtesy copy of all motions and briefs must be delivered to chambers, either by First-Class Mail or hand delivery, the same day that the document is e-filed. The courtesy copy must bear the electronic file stamp on the top of each page.  Copies must be appropriately bound, with the electronic file stamp fully visible on each page, i.e. do not bind the courtesy copy with a top prong fastener.  No loose or single binder clip bound copies will be accepted by the Court.  Exhibits must be tabbed and an Index of Exhibits provided.

**D. CITATIONS TO AUTHORITY**: When citing to deposition testimony in a brief, reference the relevant page and line numbers and include as an exhibit the entire deposition transcript with the relevant passages highlighted.  Any facts stated must be supported with citations to either pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits.  Do not provide string citations to case law without at a minimum parenthetical development.  Focus on a few well-chosen cases, preferably recent and from controlling courts.  When relying on unpublished cases, include a copy of the case in an Appendix of Cases.

**E. TIMING OF DISCOVERY:**  All discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party sufficient time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery.

**F. DISCOVERY MOTIONS**: Discovery motions will usually be referred to the Magistrate Judge assigned to the case.  Once a motion has been referred, all communication regarding the motion should be directed to the Magistrate Judge's chambers.  The Court strictly enforces the requirements of the Eastern District of Michigan Local Rules regarding format, timing and particularly seeking concurrence, E.D Mich. L.R. 5.1 and 7.1, as to all discovery motions.

**G. RESOLUTION OF DISPUTED ISSUES**: If the parties resolve an issue that is presented to the Court in a pending motion, the parties shall notify the Court immediately that the issue is no longer contested.  This communication can be via electronic mail to the Court's Case Manager (deborah_tofil@mied.uscourts.gov) or by a fax sent directly to chambers.

**H**. **MOTIONS FOR SUMMARY JUDGMENT:** Absent extraordinary circumstances communicated to the Court in the form of a motion seeking relief from this rule, motions for summary judgment should be filed after the close of fact and expert discovery and only one motion

3

for summary judgment may be filed. Separate counts or claims are to be addressed in a single motion, and within the applicable page limitations, not in separate motions.

   **I. MOTIONS CHALLENGING EXPERT TESTIMONY**: Challenges to expert witnesses under Fed. R. Civ. P. 702, 703, or 705 are due no later than the summary judgment deadline.

   **J. MOTIONS *IN LIMINE***: Motions *in Limine* are to be filed typically 60 days before the Final Pretrial Conference. Motions *in Limine* must be supported by citation to and explication of supporting case law and not just citation to a Federal Rule of Evidence number. In advance of filing any motion *in limine*, the parties must meet and confer regarding the merits of each and every potential motion *in limine* and attempt to resolve issues with stipulations where possible. Each motion *in limine* that is filed with the Court must indicate that such a meet and confer has taken place and that the parties were absolutely unable to resolve the contested issue without intervention of the Court.

   **K. ERISA MOTIONS**: ERISA actions seeking recovery of benefits proceed on a different schedule. See the Court's website for a sample scheduling order for an ERISA benefits action. The provisions of this Case Management Order governing general guidelines such as filing and format of papers, courtesy copies and e-filing instructions apply also in ERISA benefits actions.

   **L. TEMPORARY RESTRAINING ORDERS AND PRELIMINARY INJUNCTIONS:** The Court will schedule a time for motion and briefing requirements relating to requests for temporary restraining orders or preliminary injunctions. The Court requires the parties to comply with the requirements of Fed. R. Civ. P. 65 and E.D. Mich. L.R. 65.1 and also requires, absent extraordinary circumstances, that some form of notice be given to the opposing party and that both sides be given an opportunity to address the Court before a hearing is scheduled. The Court strongly

encourages the parties to confer before seeking injunctive relief in an attempt to reach an agreement as to some or all of the contested issues.

## II. E-FILING

**A. PACER**: All attorneys must obtain a PACER account and become a registered user to allow participation in the Case Management/Electronic Case Filing (CM/ECF) system. All attorneys must become familiar with the CM/ECF Policies and Procedures, which can be found in the Appendix to the Local Rules.

**B. RESTRICTIONS ON FILINGS**: Under the E-Government Act of 2002, certain information must not be included in Court documents filed either electronically or in the traditional manner. Counsel must inform themselves of these restrictions and abide by them in filing documents with the Court.

**C. DO NOT FILE PROPOSED AND STIPULATED ORDERS**: Proposed Orders and Stipulated Orders are not to be filed with the Court. These documents should be submitted to chambers through the Utilities/Proposed Orders feature of the CM/ECF. *See* Rule 11 of the Electronic Filing Policies and Procedures.

**D. SEALED DOCUMENTS**: No documents may be filed under seal or submitted under seal without prior approval of the Court, except as permitted by E.D. Mich. L.R. 5.3(a). Parties seeking to file sealed documents must comply with E.D. Mich. L.R. 5.3(b)-(e).

## III. FINAL PRETRIAL PROCEDURES

**A. PREPARATION OF THE JOINT FINAL PRETRIAL ORDER**: Counsel for all parties are directed to confer in person (face to face) in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this

paragraph and (3) exchange documents that will be offered in evidence at the trial. Counsel for plaintiff shall initiate that meeting and other counsel shall respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel to comply with this provision, they should communicate with the Court. Counsel shall meet sufficiently in advance of the date of the scheduled Final Pretrial Conference with the Court; furnish opposing counsel with a statement of the specific issues, eliminate issues about which there is no real controversy, and include in such statement issues of law as well as ultimate issues of fact from the standpoint of each party.

Counsel for plaintiff then will prepare a draft final pretrial order and submit it to opposing counsel, after which plaintiff's counsel will submit[1] the final draft through the Utilities/Proposed Orders function of CM/ECF. The final pretrial order should provide for the signature of the Federal District Judge, which, when signed, will become an Order of the Court.

**B. COMPLIANCE WITH LOCAL RULE 16.2**. The proposed pretrial order shall strictly comply with the provisions and requirements of Local Rule 16.2, except as this Court may otherwise provide. The Attorneys will familiarize themselves with the pretrial rules and will come to the conference with full authority to accomplish the purposes of Rule 16 (including simplifying the issues, expediting the trial and saving expense to litigants).

**C. PARTY ATTENDANCE AT FINAL PRETRIAL CONFERENCE.** Counsel shall be prepared to discuss compromise and settlement possibilities at the final pretrial conference and shall appear with individuals who have full settlement authority. Parties themselves, i.e. all parties

---

[1] Counsel for plaintiff has primary responsibility for preparation of the final pretrial order and submission to opposing counsel in ample time for revision and timely filing. Nonetheless, full cooperation and assistance of all other counsel are required for proper preparation of the final pretrial order.

who are natural persons and representatives on behalf of all other parties, must attend the final pretrial conference.

**D. CONTENTS OF THE JOINT FINAL PRETRIAL ORDER**. The Joint Final Pretrial Order shall be submitted through the document utilities function of the CM/ECF and must contain, under numbered and captioned headings, the following:

**(1)** **Jurisdiction**. The Parties shall state the basis for federal court jurisdiction, and whether jurisdiction is contested by any parties.

**(2)** **Plaintiff's Claims**. A brief statement of the claim or claims of plaintiffs, including legal theories.

**(3)** **Defendant's Claims**. A brief statement of the defenses or claims of defendants or third parties, including legal theories.

**(4)** **Stipulation of facts**. The parties shall state, in separately numbered paragraphs, all uncontested facts.

**(5)** **Issues of fact to be litigated**.

**(6)** **Issues of law to be litigated**.

**(7)** **Objections to exhibits**. The parties are instructed to meet and confer and to discuss the specific legal basis for each and every objection to an exhibit and attempt to resolve any objections in advance of the Final Pretrial Conference. This process is mandatory and the Court will inquire at the Final Pretrial Conference as to the parties' efforts to resolve objections to exhibits as directed in this Order.

**(8)** **Witnesses**. Each party shall list the names of all witnesses, identifying which are experts, that it will call (in the absence of reasonable notice to the contrary to opposing counsel), and

those witnesses it <u>may</u> call.  No witness shall be listed who has not been included on any witness list submitted pursuant to a prior order of the Court.  Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown.

**(9)** **Depositions**.  The parties shall list the names of all witnesses not appearing at trial whose deposition testimony is reasonably expected to be offered as evidence.  Nothing in this subsection shall preclude the taking of timely *de bene esse* depositions for use at trial.

**(10)** **Exhibits**.  The parties shall number and list, with a short identifying description, each exhibit they intend to introduce at trial.  Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits that could not be reasonably anticipated before trial, or except for good cause shown.

**(11)** **Trial Exhibits**.  Trial exhibits are to be numbered in advance of trial, Plaintiff beginning with 100, Defendant beginning with 500.  Counsel, not the Court, are responsible for keeping their exhibits during trial.  Two additional copies of all exhibits will be required for use on the bench (Judge and Law Clerk) and a third copy for the Court Reporter.  Counsel are to mark the exhibits, prior to trial, with exhibit stickers, which may be obtained in advance of trial from the court reporter.  Exhibits are not to be highlighted, underlined, or marked in any way (except with exhibit stickers) by counsel or any party.  When the jurors commence their deliberations, counsel are to have all of their respective exhibits in the courtroom and in sequential order, so that at the request of the jurors they may immediately be sent into the jury room.

**(12)** **Damages**.  Plaintiffs shall itemize all claimed damages, shall specify damages that can be calculated from objective data, and the parties shall stipulate to those damages that are not

in dispute.

      **(13)**    **Trial**.

           (A) Jury or non-jury.

           (B) Estimated length of trial in half days.

      **(14)**    **Settlement**. Counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date thereof, and indicate the current status of negotiations, as well as any plans for further discussions.

      **(15)**    **Failure of Counsel to Cooperate**. Failure of counsel to cooperate in the preparation of, to submit, or to strictly comply with the terms of, the Joint Final Pretrial Order may result in dismissal of claims, default judgment, refusal to let witnesses testify or to admit exhibits, assessment of costs and expenses, including attorney fees, or other appropriate sanctions.

      **(16)**    **Filing of Trial Briefs, Findings and Instructions**. Proposed findings of fact and conclusions of law shall be filed on the first day of trial in a non-jury case. One set of joint jury instructions shall be filed on the first day of trial.

      **(17)**    **Additional Requirements**. The Judge, in an appropriate case, may add additional requirements to the Joint Final Pretrial Order, or may suspend application of the Rule in whole or in part.

**IV.**    **TRIAL PRACTICE**

      **A. VOIR DIRE:** At least one week prior to beginning of trial, all counsel shall furnish to the court requests for *voir dire*. The Court will conduct the initial *voir dire* and may consider the requests furnished by counsel. Limited follow-up by counsel will be permitted at the Court's discretion.

9

**B. JURY INSTRUCTIONS:** In jury cases, the parties are hereby ordered to meet and confer prior to trial to discuss jury instructions. No later than the first day of trial, the parties shall provide the Court a single set of proposed, stipulated jury instructions. Counsel are responsible for all instructions related to their specific claims or defenses. All such instructions are to be typewritten, double spaced, on plain white paper with no letterhead, only one instruction per page, and shall contain references to authority (e.g., Federal Jury Practice and Instructions, Modern Federal Jury Instructions, to the extent applicable, Michigan Civil Jury Instructions and/or relevant case law). A copy of the joint proposed instructions, prepared in WordPerfect (preferable) or Word format, should be sent to the Court's case manager, (deborah_tofil@mied.uscourts.gov) via electronic mail. In addition, each party shall separately submit any additional proposed instructions to which any other party objects, explaining the basis for the objection. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

**C. STATEMENT OF THEORY OF THE CASE:** A *brief* statement of each party's claim or defense (one brief paragraph) suitable to be read to the jury during *voir dire*, shall be submitted to the Court one week prior to the beginning of the trial.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 3, 2015.

                                        s/Deborah Tofil
                                        Case Manager