UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GRAMMER INDUSTRIES, INC. | **)** | |
| | **)** | |
| PLAINTIFF | **)** | Case No. 15-cv-12694 |
| | **)** | Hon. Paul D. Borman |
| v. | **)** | |
| | **)** | Magistrate Judge |
| BEACH MOLD & TOOL, INC. | **)** | R. Steven Whalen |
| | **)** | |
| DEFENDANT | **)** | |

**CROSSCLAIM OF BEACH MOLD & TOOL, INC.**

Beach Mold & Tool, Inc. ("Beach Mold"), for its Crossclaim against American Industrial Acquisition Corporation d/b/a iP3 Plastics Mexico ("iP3"), alleges and states as follows:

**Parties**

1.      Grammer is a South Carolina corporation with its principal place of business in Troy, Michigan.

2.      Beach Mold is an Indiana corporation with its principal place of business in New Albany, Indiana.

3.      iP3 is a corporation organized under the laws of Delaware with its principal place of business in Greenwich, Connecticut.

**Jurisdiction and Venue**

4.      This Court has jurisdiction over this matter under 28 U.S.C. §1332 and venue is appropriate in this Court.

5.      The sum in controversy exceeds $75,000 exclusive of interest or costs.

## Background

6.      Grammer requested Beach Mold to manufacture certain tooling, fixtures, and gauges ("the Tooling") for Grammer in connection with the production of certain plastic parts Grammer needed.  Beach Mold manufactured the Tooling and, at Grammer's request and with Grammer's agreement, shipped the Tooling to Beachmold Mexico S de RL de CV ("Beachmold Mexico"), a separate and distinct corporation, for production of the plastic parts for Grammer.

7.      In 2012 Beachmold Mexico was sold to iP3.  iP3 is not entitled to possession of the Tooling.

8.      Subsequently, iP3 failed and refused to deliver the Tooling either to Grammer or to Beach Mold.

## Count I – Claim for Indemnity

9.      Beach Mold incorporates by reference the allegations in the above paragraphs.

10.     iP3 is not entitled to possession of the Tooling.  Grammer and Beach Mold have requested that iP3 deliver possession of the Tooling.

11.     iP3 has failed and refused to deliver possession of the Tooling.

12.     As a result of the above-described actions, Grammer has filed suit against Beach Mold for failing to deliver the Tooling to Grammer.  Beach Mold denies any liability

to Grammer but in the event that Beach Mold is found to be liable to Grammer for failure to deliver the Tooling, Beach Mold is entitled to a judgment of indemnity against iP3.

WHEREFORE, Beach Mold requests that this Court award Beach Mold all relief permitted by law against iP3, including full indemnity from the claims asserted against Beach Mold in this action, and any other relief to which Beach Mold is entitled.

Respectfully submitted,

*/s/ Richard T. Hewlett*
Richard T. Hewlett (P41271)
VARNUM LLP
39500 High Pointe Blvd., Suite 350
Novi, MI 48375
(248) 567-7400
rthewlett@varnumlaw.com

Byron E. Leet
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
2800 PNC Plaza
Louisville, KY 40202
(502) 562-7354
bleet@wyattfirm.com

*Attorneys for Beach Mold & Tool, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March __14__, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Mark A. Aiello (P43012)
Michelle A. Freeman (P79790)
FOLEY & LARDNER LLP
500 Woodward Ave. ,Suite 2700
Detroit, MI 48226
(313) 234-7100
maiello@foley.com
mfreeman@foley.com

*Attorneys for Grammer Industries, Inc.*

*/s/ Richard T. Hewlett*
Richard T. Hewlett

61472919.1

4