IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GRAMMER INDUSTRIES, INC.,

    Plaintiff,

v

BEACH MOLD AND TOOL, INC.,

    Defendant.

Case No. 15-cv-12694

Hon. Paul D. Borman

Magistrate Judge R. Steven Whalen

**DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................i

INDEX OF AUTHORITIES ........................................................................................ ii

OVERVIEW ................................................................................................................1

ARGUMENT ...............................................................................................................2

CONCLUSION ............................................................................................................4

CERTIFICATE OF SERVICE ....................................................................................4

# INDEX OF AUTHORITIES

**Cases**

*Russell v. Tribley,* NO. 10-14824, 2011 WL 4387589 (E.D. Mich. Aug. 10, 2011).2

## **OVERVIEW**

Defendant Beach Mold & Tool, Inc. ("Beach"), by counsel, for its Response to this Court's Show Cause Order issued on June 13, 2016, states as follows:

On or about June 22, 2015, Plaintiff Grammer Industries, Inc. ("Grammer") filed this action in the Circuit Court for the County of Oakland, State of Michigan alleging breach of contract and conversion in connection with certain tooling, fixtures, and gauges it claimed Beach was obligated to provide to Grammer and yet failed to provide.

On or about July 31, 2016 the Oakland County case was removed to the United States District Court for the Eastern District of Michigan. Doc. No. 1. The case has resided in front of this Court since removal.

On March 9, 2016, both parties to the original lawsuit filed a joint Motion seeking leave in order to add American Industrial Acquisition Corporation d/b/a/ iP3 Plastics Mexico ("AIAC") as a Defendant/Crossclaimant. Doc. No. 14. Thereafter, Grammer filed an Amended Complaint which added AIAC as a party (Doc. No. 17) and Beach filed its Crossclaim against AIAC on March 22, 2016. (Doc. No. 16).Beach served AIAC by first class mail upon its registered agent having an address at: The Corporation Trust Company, 1200 Orange St., Wilmington, DE 19801 and filed its Proof of Service on March 22, 2016, Doc. No. 20; **Exhibit A.** Beach believed it had obtained proper service.

1

Beach requested a Clerk's Entry of Default against AIAC on May 24, 2016. Doc. No. 25. That same day, the Clerk made an Entry of Default. Doc. No. 26.

In the Court's June 13, 2016 Show Cause Order, the Court found that there was no proof of service which indicated that AIAC had been personally served with: (1) the Amended Complaint; (2) Beach's Crossclaim; or (3) any of the default filings. It was noted further that "a party has no duty to plead until properly served" and "sufficient service of process in a prerequisite to entry of default." *See also, Russell v. Tribley,* NO. 10-14824, 2011 WL 4387589, at *8 (E.D. Mich. Aug. 10, 2011). The Order directed Grammer and Beach to demonstrate in separate writings filed with the Court that AIAC had been properly served with the Summons, Complaint, Crosscalim, and default filings.

As addressed below, on June 24, 2016, AIAC was properly served in person with all documents, thereby, satisfying the Court's Order.

## **ARGUMENT**

Service of process in the case at hand has presented numerous issues. First, AIAC is a corporation that has almost no internet presence. Its webpage is completely devoid of an address or any information about its registered agent. *See e.g.,* **Exhibit B**, Screen Shot of AIAC's webpage. This has made finding out information about its registered agent next to impossible.

Early in the case, Beach's initial search led to a similarly named Delaware corporation and service of process was attempted via first class mail. This attempt proved unsuccessful because the corporation later turned out to be defunct. Nonetheless, Beach continued in its attempts to properly serve AIAC.

Additional research was performed and an entity named "The Corporation Trust Company" was identified as the registered agent of AIAC. Its listed address is: 1200 Orange St., Wilmington, DE 19801. The parties served The Corporation Trust Company by first class mail on March 22, 2016. **Ex. A**. The mail delivery was signed for by a person who is presumed to be a an employee of The Corporation Trust Company, Amy McLaren. **Ex. A.** This entity is believed to be the registered agent of AIAC.

In order to show cause pursuant to the Court's Order, in person service was completed on July 24, 2016. *See* **Exhibit C**, Proof of service. Specifically, the following document were hand delivered by a local process server, and accepted by an employee to The Corporation Trust Company: (1) Beach's Crossclaim; and (2) a copy of the Summons. In addition, a separate copy of these documents were sent via first class certified mail to Lenard Levie, the person whom is believed to be the president of AIAC.

Accordingly, this writing and its exhibits are evidence that AIAC has been personally served with the documents the Court required in its Show Cause Order.

## CONCLUSION

For the foregoing reasons, Beach Mold and Tool, Inc. respectfully requests that the Court consider service of process sufficient in this matter.

                Respectfully submitted,

                VARNUM LLP

Dated: June 24, 2016        By:   */s/ Richard T. Hewlett*
                          Richard T. Hewlett (P41271)
                          39500 High Pointe Blvd., Suite 350
                          Novi, MI  48375
                          (248) 567-7400
                          rthewlett@varnumlaw.com
                          Attorneys for Defendant Beach Mold

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2016, I electronically filed the foregoing pleadings with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

                Respectfully submitted,

                VARNUM LLP

                By:   */s/ Richard T. Hewlett*
                          Richard T. Hewlett (P41271)
                          39500 High Pointe Blvd., Suite 350
                          Novi, MI  48375
                          (248) 567-7400
                          rthewlett@varnumlaw.com
                          Attorneys for Defendant Beach Mold

10687122_4.docx