UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| GRAMMER INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BEACH MOLD AND TOOL, INC., | ) | |
| BEACHMOLD MEXICO, S. DE R.L. | ) | |
| DE C.V., PLASTIC INJECTION | ) | |
| OPERATING (PIO) COMPANY OF | ) | |
| MEXICO, LLC, JOHN DOES, | ) | |
| PLASTIC INJECTION HOLDING | ) | |
| (PIH) COMPANY OF MEXICO, LLC | ) | |
| n/k/a iP3 NORTH AMERICA, LLC; | ) | Case No. 15-CV-12694 |
| AND AMERICAN INDUSTRIAL | ) | Hon. Paul D. Borman |
| ACQUISITION CORPORATION d/b/a | ) | Magistrate Judge R. Steven |
| iP3, | ) | Whalen |
| | ) | |
| Defendants, | ) | Demand for Jury Trial |
| | ) | |
| and | ) | |
| | ) | |
| BEACH MOLD AND TOOL, INC., | ) | |
| | ) | |
| Cross-Claimant | ) | |
| v. | ) | |
| | ) | |
| AMERICAN INDUSTRIAL | ) | |
| ACQUISITION CORP. d/b/a iP3 | ) | |
| | ) | |
| Cross-Defendant | ) | |
| | ) | |

**THIRD AMENDED COMPLAINT AND JURY DEMAND**

## THIRD AMENDED COMPLAINT AND JURY DEMAND

Grammer Industries, Inc., ("Grammer"), through its undersigned counsel states as follows for its Second Amended Complaint against Beach Mold and Tool, Inc. ("Beach Mold"), Beachmold Mexico, S. de R.L. de C.V. ("Beachmold Mexico"), American Industrial Acquisition Corporation d/b/a iP3 ("AIAC"), Plastic Injection Operating (PIO) Company of Mexico, LLC ("PIO"), John Does, and Plastic Injection Holding (PIH) Company of Mexico, LLC n/k/a iP3 North America LLC ("iP3 North America"):

## PARTIES

1. Grammer is a South Carolina corporation, with its principal place of business in Troy, Michigan.

2. Beach Mold is an Indiana corporation, having its principal place of business is New Albany, Indiana. Beach Mold conducts business in the Eastern District of Michigan.

3. Upon information and belief, Beachmold Mexico is or was a corporation organized under the laws of the State of Queretaro, Mexico, having its principal place of business in, Queretaro, Mexico.

4. Upon information and belief, the assets of Beachmold Mexico were sold in 2016 and the proceeds were liquidated to its members.

5. The members of Beachmold Mexico are PIO and iP3 North America.

4822-0425-5544.1

6. Upon information and belief, PIO is a corporation organized under the laws of the State of Nevada, having its principal place of business in New York.

7. Upon information and belief iP3 North America is or was a corporation organized under the laws of the State of Nevada, having its principal place of business in New York.

8. AIAC is a Delaware Corporation having its principal place of business in New York.

9. Upon information and belief, AIAC and John Does are the members of PIO and iP3 North America.

10. Upon information and belief, the assets of PIO and iP3 North America have or will be distributed to their members.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 and venue is appropriate in this Court.

12. The sum in controversy exceeds $75,000 exclusive of interest or costs. Jurisdiction and venue are proper in this Court.

13. Grammer is an automotive supplier that supplies automotive assemblies to original equipment manufacturers.

4822-0425-5544.1

14. Beach Mold is a manufacturing company that manufactures tooling and supplies parts molded from tooling to automotive companies such as Grammer.

15. Beach Mold's website stated that it manufactures tools and manufactures parts in New Albany, Indiana (its "Indiana Facility") and in Queretaro, Mexico (its "Mexico Facility").

16. Beach Mold represented to Grammer that it owned and controlled the Mexico Facility.

17. Grammer contacted Beach Mold regarding a quote to build tools and for future consideration to build parts with the tools (the "Parts") to be used by Grammer for a potential contract for the Fiat Chrysler Automotive LLC ("FCA") RT program (the "Program"). The Parts would be incorporated into assemblies by Grammer and would be shipped to Magna, who would incorporate the assemblies into seats for FCA.

18. In response, Beach Mold issued a quotation (the "Quotation") to Grammer for tooling to be built at Beach Mold's Indiana Facility and for the Parts to be "manufactured at our Queretaro, Mexico Facility."

19. Beach Mold identified its address in certain quotations as Queretaro, Mexico.

4822-0425-5544.1

20. FCA through its Tier One supplier, Magna awarded the tooling for the Program to Grammer and Grammer issued certain purchase orders to Beach Mold for the tooling. The Purchase Orders provide that the "design and manufacture of the tool[ing] [would occur] in New Albany, Indiana."

21. Grammer also contracted with Advance Mold Incorporated ("Advance") to manufacture a fixture that would be used to produce the Parts at Beach Mold's Mexico Facility. The fixture was delivered to Beach Mold. The fixture and the tooling produced in connection with the Purchase Orders are collectively referred to as the "Tooling".

22. Under the Purchase Orders, Beach Mold was to produce parts from the Tooling at the Mexico Facility.

23. Under the Purchase Orders, Beach Mold remained "responsible for the components and Tooling through the life of the project."

24. Grammer is entitled to possession of the Tooling upon request.

25. The Purchase Orders formed the Contract ("the Contract") between Grammer and Beach Mold.

26. Beach Mold transferred the Tooling to its Mexico Facility. Beach Mold is estopped from denying that it transferred the Tooling to its Mexico Facility.

27. FCA placed the Program on hold and, eventually in 2015, FCA requested proof of possession of the Tooling. In turn, Grammer requested the Tooling from Beach Mold.

28. In response, Beach Mold informed Grammer that the assets of the Mexico Facility, including the Tooling, had been sold and/or transferred to iP3 Mexico.

29. Because Beach Mold did not return the Tooling to Grammer, and thus it could not deliver it to FCA, or even provide evidence that it was available for possession, Grammer had to reimburse FCA for the Tooling. The reimbursement was in the form of a setoff by Magna to Grammer or credit by Grammer to Magna.

30. In breach of the Contract, Beach Mold failed on request to make the Tooling available to Grammer.

31. Beach Mold asserts that the performance of its Contract with Grammer was assigned or delegated to Beachmold Mexico.

32. Beach Mold also asserts that the Tooling was transferred to Beachmold Mexico or iP3 Mexico, which was controlled by AIAC.

33. Beach Mold and Beachmold Mexico maintained common ownership and common control, effectively representing themselves as a single entity.

4822-0425-5544.1

34. On or about August 2012 owners or controlling interests common to Beach Mold and Beachmold Mexico transferred interest in Beachmold Mexico to PIO and PIH.

35. Upon information and belief, PIH n/k/a iP3 North America is or was an inactive entity, and AIAC is the successor to PIH.

36. Upon information and belief, the assets of the Mexico Facility, and hence the assets of Beachmold Mexico or iP3 Mexico, were sold and the entity or former entity no longer conducts business.

37. Upon information and belief, proceeds from the sale of the subject assets are or will be distributed to the owner members, PIO and iP3 North America, and such proceeds will or have been distributed to the member of PIO and iP3 North America, who upon information and belief, is AIAC.

38. Pursuant to a "Services Agreement" dated August 5, 2012, Beach Mold agreed to provide the Mexico Facility with certain business and operational services following the sale.

39. Pursuant to an undated "Management Agreement," Beach Mold agreed to provide financing services, logistics, and strategic planning for the Mexico Facility, and under a "Commission Agreement" Beach Mold acted as the express agent for the Mexico Facility.

## COUNT I – BREACH OF CONTRACT
### (against Beach Mold)

40. Grammer incorporates by reference the allegations in the above paragraphs.

41. Pursuant to the Contract, Beach Mold was provided with Tooling for the manufacture of Parts.

42. Pursuant to the Contract, Beach Mold remained responsible for the components and Tooling through the life of the project.

43. Beach Mold is obligated under the Contract to make available to Grammer the Tooling on request.

44. Beach Mold failed to make the Tooling available to Grammer on request.

45. Beach Mold is estopped from denying that it had possession and control over the Mexico Facility and is estopped from denying that the Mexico Facility was a facility owned and operated by Beach Mold.

46. As a result of Beach Mold's breach of the Contract, Grammer has been damaged in an amount in excess of $75,000, exclusive of interest and costs.

## COUNT II – CONVERSION
### (against Beach Mold)

47. Grammer incorporates by reference the allegations in the above paragraphs.

4822-0425-5544.1

48. Grammer is entitled to possession of the Tooling.

49. Grammer requested that Beach Mold deliver possession of the Tooling to Grammer.

50. Beach Mold had direct or indirect control over the Tooling.

51. Beach Mold failed to properly safeguard the Tooling or provide the Tooling on request to Grammer, and therefore, converted the tooling for its own use.

52. Beach Mold is liable for conversion of the Tooling.

53. As a result of the conversion, Grammer has been damaged in an amount in excess of $75,000, exclusive of interest and costs.

### COUNT III – BREACH OF CONTRACT AND CONVERSION
### (against Beachmold Mexico)

54. Grammer incorporates by reference the allegations in the above paragraphs.

55. Beach Mold asserts that it assigned or delegated the performance of certain duties under its Contract with Plaintiff to Beachmold Mexico.

56. Beach Mold asserts that Beachmold Mexico was provided with the Tooling pursuant to Beach Mold's Contract with Grammer.

57. A delegation of performance of duties of Beach Mold to Beachmold Mexico constituted an obligation by Beachmold Mexico to perform the duties of Beach Mold.

9

4822-0425-5544.1

58. If the Contract was assigned by Beach Mold to Beachmold Mexico, Beachmold Mexico is obligated under the Contract to make available to Grammer the Tooling on request.

59. Beachmold Mexico failed to make the Tooling available to Grammer on request.

60. As a result of Beachmold Mexico's breach of the Contract, Grammer has been damaged in an amount in excess of $75,000, exclusive of interest and costs.

61. Beachmold Mexico also wrongfully exerted possession of, or control over, the Tooling or otherwise converted it for its own purposes.

62. Such actions constitute conversion, including common law and statutory conversion.

63. As a result, Grammer has been damaged in an amount in excess of $75,000, exclusive of interest and costs.

64. Grammer is also entitled to all damages permitted under common and statutory law.

### COUNT IV – BREACH OF FIDUCIARY DUTY AND THE NEVADA LIMITED LIABILITY COMPANIES ACT (against iP3 North America, PIO, AIAC and JOHN DOES)

65. Grammer incorporates by reference the allegations in the above paragraphs.

10

66. Upon information and belief, the assets of Beachmold Mexico, a/k/a iP3 Mexico, were sold in 2016.

67. Upon information and belief, Beachmold Mexico a/k/a iP3 Mexico no longer conducts any manufacturing operations or business and has distributed the proceeds from the sale to its members, PIO and iP3 North America.

68. In turn, PIO and iP3 North America have no other known operations and, upon information and belief, PIO and iP3 North America have distributed the proceeds to its member, AIAC.

69. Upon information and belief, AIAC is also the successor to PIH n/k/a iP3 North America, an inactive or formerly inactive entity and individually or with PIO conducted business as iP3.

70. A distribution of proceeds or profits and contributions of a company cannot be made if the company would not be able to pay its debts when due.

71. The members or owners of a company are liable to creditors for the amount of the distributions to satisfy the debt in the event distributions are made without accounting for the liabilities of a company.

72. Members and owners of a company also owe a fiduciary duty to creditors of insolvent companies. Beachmold Mexico and its owners and its members owe such a duty to Grammer, a creditor.

4822-0425-5544.1

73. A debtor is also prohibited from making transfers of assets if made without reasonably equivalent value, and such transfers are fraudulent against creditors whose claim arose prior to the transfer.

74. The transfers that upon information and belief were made by Beachmold Mexico to its owners and by those owners to their members were fraudulent transfers, in breach of fiduciary duties to creditors such as Grammer, and violated laws restricting such transfers and making the transferees liable to creditors for amounts up to the sums of such distributions or transfers.

75. Upon information and belief, Beachmold Mexico, its owners and their members are liable for the aforementioned reasons for among other things, the obligation to maintain the Tooling for Grammer and/or not convert the Tooling.

76. Grammer is also entitled to all damages permitted under applicable common and statutory law.

## RELIEF

WHEREFORE, Grammer requests that this Court award Grammer all damages permitted by law and any other relief to which Grammer is entitled.

## JURY DEMAND

Grammer hereby demands a trial by jury.

4822-0425-5544.1

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **FOLEY & LARDNER LLP** |
|  | By: /s/ Mark A. Aiello<br>Mark A. Aiello  (P43012)<br>Andrew B. Fromm (P79185)<br>500 Woodward Avenue, Suite 2700<br>Detroit, MI 48226-3489<br>(313) 234-7100<br>maiello@foley.com<br>afromm@foley.com |
| Dated:  November 22, 2016 | *Attorneys for Plaintiff* |

4822-0425-5544.1