UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GRAMMER INDUSTRIES, INC.,

    Plaintiff,

v

BEACH MOLD AND TOOL, INC., and BEACHMOLD MEXICO, S. DE R.L. DE C.V., PLASTIC INJECTION OPERATING (PIO) COMPANY OF MEXICO, LLC, PLASTIC INJECTION HOLDING (PIH) COMPANY OF MEXICO, LLC n/k/a iP3 NORTH AMERICA, LLC, AND AMERICAN INDUSTRIAL ACQUISITION CORPORATION d/b/a/ iP3 PLASTICS MEXICO,

    Defendants,
and

BEACH MOLD AND TOOL, INC.,

    Cross-Claimant,

v

AMERICAN INDUSTRIAL ACQUISITION CORP. d/b/a iP3 PLASTICS MEXICO, BEACHMOLD MEXICO, S. DE R.L. DE C.V., PLASTIC INJECTION OPERATING (PIO) COMPANY OF MEXICO, LLC, PLASTIC INJECTION HOLDING (PIH) COMPANY OF MEXICO, LLC n/k/a iP3 NORTH AMERICA, LLC,

    Cross-Defendants.

Case No. 15-cv-12694

Hon. Paul D. Borman
Mag. Judge R. Steven Whalen

# ANSWER TO THIRD AMENDED COMPLAINT, AFFIRMATIVE AND OTHER DEFENSES, AND CROSS-CLAIM OF BEACH MOLD & TOOL, INC. FOR INDEMNITY OR APPORTIONMENT

Defendant Beach Mold & Tool, Inc. ("Beach"), by counsel, for its Answer to the Third Amended Complaint, alleges and states as follows:

1. Beach admits the allegations contained in Paragraph 1 of the Third Amended Complaint.

2. Beach admits the allegations contained in Paragraph 2 of the Third Amended Complaint.

3. Beach admits the allegations contained in Paragraph 3 of the Third Amended Complaint.

4. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third Amended Complaint.

5. Beach admits the allegations contained in Paragraph 5 of the Third Amended Complaint.

6. Beach admits the allegations contained in Paragraph 6 of the Third Amended Complaint.

7. Beach admits the allegations contained in Paragraph 7 of the Third Amended Complaint.

8. Beach admits the allegations contained in Paragraph 8 of the Third Amended Complaint.

9. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Third Amended Complaint.

10. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Third Amended Complaint.

11. Beach admits the allegations contained in Paragraph 11 of the Third Amended Complaint.

12. Beach admits the allegations contained in Paragraph 12 of the Third Amended Complaint.

13. Beach admits the allegations contained in Paragraph 13 of the Third Amended Complaint.

14. Beach admits the allegations contained in Paragraph 14 of the Third Amended Complaint.

15. In response to the allegations contained in Paragraph 15 of the Third Amended Complaint, Beach affirmatively states that a screenshot of the Beach website taken years ago, which Grammer relies on, speaks for itself, but Beach denies that it in fact owned manufacturing operations in Mexico.

16. Beach denies the allegations contained in Paragraph 16 of the Third Amended Complaint and affirmatively states the facility in Mexico was owned by Beachmold Mexico, a separate entity.

17. Beach admits the allegations contained in Paragraph 17 of the Third Amended Complaint.

18. In response to the allegations contained in Paragraph 18 of the Third Amended Complaint, Beach admits it issued a quotation to Grammer to build tooling in Indiana and affirmatively states that the quotation speaks for itself, but Beach denies that it owned manufacturing operations in Mexico where the parts were to be produced.

19. Beach denies the allegations contained in Paragraph 19 of the Third Amended Complaint but affirmatively states the quotations speak for themselves.

20. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Third Amended Complaint regarding Magna, but Beach admits that Grammer issued purchase orders to Beach and affirmatively states that the referenced purchase orders speak for themselves.

21. In response to the allegations contained in Paragraph 21 of the Third Amended Complaint, Beach admits that Advance Mold Incorporated manufactured

some of the Tooling that is at issue in this action, but Beach denies the remaining allegations.

22. Beach denies the allegations contained in Paragraph 22 of the Third Amended Complaint.

23. In response to the allegations contained in Paragraph 23 of the Third Amended Complaint, Beach affirmatively states that the referenced purchase orders speak for themselves.

24. Beach denies the allegations contained in Paragraph 24 of the Third Amended Complaint.

25. The allegations contained in Paragraph 25 of the Third Amended Complaint contain legal conclusions to which no response is required.

26. In response to the allegations contained in Paragraph 26 of the Third Amended Complaint, Beach admits that with Grammer's agreement the Tooling was shipped to Beachmold Mexico for production of the parts, but Beach denies the remaining allegations.

27. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third Amended Complaint except that Beach admits in 2015 Grammer requested the Tooling from Beach.

5

28. Beach denies the allegations contained in Paragraph 28 of the Third Amended Complaint and affirmatively states that in response Beach reminded Grammer of the history of the Tooling and sale of Beachmold Mexico.

29. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third Amended Complaint.

30. Beach denies the allegations contained in Paragraph 30 of the Third Amended Complaint.

31. The allegations contained in Paragraph 31 of the Third Amended Complaint contain legal conclusions to which no response is required.

32. Beach admits the allegations contained in Paragraph 32 of the Third Amended Complaint.

33. Beach denies the allegations contained in Paragraph 33 of the Third Amended Complaint.

34. Beach denies the allegations contained in Paragraph 34 of the Third Amended Complaint.

35. Beach admits the allegations contained in Paragraph 35 of the Third Amended Complaint.

36. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third Amended Complaint.

37. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Third Amended Complaint.

38. In response to the allegations contained in Paragraph 38 of the Third Amended Complaint, Beach admits it signed a Services Agreement in 2012 and affirmatively states that the Agreement speaks for itself.

39. In response to the allegations contained in Paragraph 39 of the Third Amended Complaint, Beach affirmatively states that any Agreements speak for themselves.

## COUNT I

40. Beach adopts and incorporates by reference its responses to Paragraphs 1 through 39 of the Third Amended Complaint.

41. Beach denies the allegations contained in Paragraph 41 of the Third Amended Complaint.

42. Beach denies the allegations contained in Paragraph 42 of the Third Amended Complaint.

43. Beach denies the allegations contained in Paragraph 43 of the Third Amended Complaint.

44. Beach denies the allegations contained in Paragraph 44 of the Third Amended Complaint.

45. Beach denies the allegations contained in Paragraph 45 of the Third Amended Complaint.

46. Beach denies the allegations contained in Paragraph 46 of the Third Amended Complaint.

## **COUNT II**

47. Beach adopts and incorporates by reference its responses to Paragraphs 1 through 46 of the Third Amended Complaint.

48. Beach denies the allegations contained in Paragraph 48 of the Third Amended Complaint.

49. Beach admits the allegations contained in Paragraph 49 of the Third Amended Complaint.

50. Beach denies the allegations contained in Paragraph 50 of the Third Amended Complaint.

51. Beach denies the allegations contained in Paragraph 51 of the Third Amended Complaint.

52. Beach denies the allegations contained in Paragraph 52 of the Third Amended Complaint.

53. Beach denies the allegations contained in Paragraph 53 of the Third Amended Complaint.

## COUNT III

54. Beach adopts and incorporates by reference its responses to Paragraphs 1 through 53 of the Third Amended Complaint.

55. The allegations contained in Paragraph 55 of the Third Amended Complaint contain legal conclusions to which no response is required.

56. Beach admits the allegations contained in Paragraph 56 of the Third Amended Complaint.

57. The allegations contained in Paragraph 57 of the Third Amended Complaint contain legal conclusions to which no response is required.

58. Beach admits the allegations contained in Paragraph 58 of the Third Amended Complaint.

59. Beach admits the allegations contained in Paragraph 59 of the Third Amended Complaint.

60. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Third Amended Complaint.

61. Beach admits the allegations contained in Paragraph 61 of the Third Amended Complaint.

62. Beach admits the allegations contained in Paragraph 62 of the Third Amended Complaint.

63. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Third Amended Complaint.

64. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Third Amended Complaint.

65. Beach adopts and incorporates by reference its responses to Paragraphs 1 through 64 of the Third Amended Complaint.

66. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Third Amended Complaint.

67. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Third Amended Complaint.

68. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Third Amended Complaint.

69. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Third Amended Complaint.

70. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Third Amended Complaint.

71. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Third Amended Complaint.

72. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Third Amended Complaint.

73. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Third Amended Complaint.

74. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Third Amended Complaint.

75. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Third Amended Complaint.

76. Beach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Third Amended Complaint.

77. All allegations not specifically admitted or otherwise answered are hereby denied.

WHEREFORE, Beach respectfully requests that this Court enter a judgment against Plaintiff dismissing the above claims with prejudice and without attorneys' fees or costs to Plaintiff and for such other further relief as is permitted by law.

## AFFIRMATIVE AND OTHER DEFENSES

Beach, by its attorneys, states the following as its Affirmative and Other Defenses to Plaintiff's Third Amended Complaint:

1. Plaintiff has failed to state a claim against Beach upon which relief may be granted and its claims shall be dismissed.

2. The claims and Third Amended Complaint are barred by the Plaintiff's agreement that the Tooling which is the subject of this action should be delivered to Beachmold Mexico for manufacture of any parts.

3. The claims and Third Amended Complaint are barred by the doctrine of accord and satisfaction.

4. The Plaintiff is estopped from asserting the claims and causes of action asserted against Beach.

5. The claims and Third Amended Complaint are barred by the doctrines of release and waiver.

6. The claims and Third Amended Complaint are barred by Plaintiff's failure to mitigate damages.

7. Plaintiff failed to give Beach reasonable and proper notice of and an opportunity to cure the issues complained of.

8. Plaintiff's claims are barred as Beach is not a proper party.

9. Plaintiff's claims are barred for its failure to attach and provide the alleged contracts.

10. Defendant Beach reserves the right to add to or amend this list of Affirmative and Other Defenses up to and including the time of trial.

## CROSS-CLAIM OF BEACH MOLD & TOOL, INC. FOR INDEMNITY OR APPORTIONMENT

Beach Mold & Tool, Inc. ("Beach"), for its Cross-Claim herein, alleges and states as follows:

1. Beach adopts and incorporates by reference, as if fully set forth herein, its Answer to the Third Amended Complaint.

2. Grammer requested Beach to build certain tooling, fixtures, and gauges ("Tooling") for Grammer in connection with the production of certain plastic parts Grammer needed in the future. Beach built the Tooling and, at Grammer's request and with Grammer's agreement, shipped the Tooling to Beachmold Mexico S de RL de CV ("Beachmold Mexico"), a separate and distinct corporation in Mexico, for production of the plastic parts for Grammer by Beachmold Mexico at some future time.

3. Beachmold Mexico received the Tooling and exercised possession and control over the Tooling for years. Plaintiff Grammer was fully aware the Tooling had been shipped and delivered to Beachmold Mexico.

4. Beach exercised no further possession or control over the Tooling once it was sent to Mexico.

5. In 2012 the equity or capital interests in Defendant Beachmold Mexico were sold to Defendants American Industrial Acquisition Corporation ("AIAC"), Plastic Injection Operating Company of Mexico, LLC ("PIO"), and

Plastic Injection Holding Company of Mexico, LLC n/k/a iP3 North America, LLC ("iP3 North America").

6. Plaintiff was aware of the sale of Beachmold Mexico in 2012. Grammer moved other tooling out of the Beachmold Mexico facility but apparently never picked up the Tooling.

7. In 2015 Grammer asked Beach to return the Tooling. Beach referred Grammer to the Beachmold Mexico facility in Mexico. However, no one at that facility was ever able to deliver possession of the Tooling to Grammer or account for its whereabouts.

8. Beachmold Mexico, AIAC, PIO, and iP3 North America are not entitled to possession of the Tooling. Grammer has requested that they deliver possession of the Tooling to Grammer or account for it.

9. Beachmold Mexico, AIAC, PIO, and iP3 North America have all failed and refused to deliver possession of the Tooling or account for it.

10. As a result of the above-described actions, Grammer has filed suit against Beach for failing to deliver the Tooling to Grammer or account for it. Beach denies any liability to Grammer, but in the event that Beach is found to be liable to Grammer for failure to deliver the Tooling, Beach is entitled to a judgment of full and complete indemnity or apportionment against Beachmold Mexico, AIAC, PIO, and iP3 North America.

WHEREFORE, Beach requests that this Court dismiss all Complaints, including the Third Amended Complaint, against Beach and award Beach all relief permitted by law against Beachmold Mexico, AIAC, PIO, and iP3 North America, including full indemnity from the claims asserted against Beach in this action or apportionment, along with any other relief to which Beach is entitled.

Respectfully submitted,

*/s/ Richard T. Hewlett*
Richard T. Hewlett
rhewlett@varnumlaw.com
VARNUM LLP
39500 High Pointe Boulevard
Suite 350
Novi, Michigan 48375
248.567.7824

Byron E. Leet
bleet@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
Suite 2800
Louisville, Kentucky 40202-2898
502.562.7354

Dated:  December 6, 2016

*Counsel for Defendant Beach Mold & Tool, Inc.*

## CERTIFICATE OF SERVICE

The hereby certify that on December 6, 2016, I electronically filed the foregoing Answer to Third Amended Complaint and Cross-Claim with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

16

Further, the undersigned, being first duly sworn, says that on this date he served a copy the foregoing pleading upon the following individuals:

>Plastic Injection Holding (PIH) Company of Mexico, LLC
>n/k/a iP3 North America, LLC
>c/o The Corporation Trust Company of Nevada
>701 South Carson Street, Suite 200
>Carson City, NV 89701

by enclosing said documents in an envelope to the above said address(es) and depositing same in the United States mail, postage duly prepaid.

>Respectfully submitted,
>
>VARNUM LLP
>
>By: */s/Richard T. Hewlett*
>Richard T. Hewlett
>39500 High Pointe Boulevard,
>Suite 350
>Novi, Michigan 48375
>248.567.7824
>rhewlett@varnumlaw.com

11230719_1.docx