UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAMMER INDUSTRIES, INC.,

          Plaintiff,                  Case No. 15-cv-12694

v.                                  Paul D. Borman
                                  United States District Judge

BEACH MOLD AND TOOL, INC.      R. Steven Whalen
*et al.*,                         United States Magistrate Judge

          Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 171)

On March 15, 2019, this Court entered an Opinion and Order granting in part

Plaintiff Grammer Industries, Inc.'s ("Grammer") motion for partial summary

judgment. (ECF No. 169, 3/15/19 Order.) Grammer has filed a motion for

reconsideration, asking this Court to reconsider its ruling that genuine issues of

material fact remain on Grammer's claim of statutory conversion. (ECF No. 171,

Grammer's Motion for Partial Reconsideration.) Because Grammer has failed to

demonstrate any palpable defect in the Court's ruling, the motion for reconsideration

is DENIED.

"A motion for reconsideration is governed by the local rules in the Eastern

District of Michigan, which provide that the movant must show both that there is a

1

palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan Local Rule LR 7.1(h)(3) provides in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (citing *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("'It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a

party with an opportunity to relitigate issues already decided.'")).  "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."  *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).  *See also Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (holding that motions for reconsideration do not permit a party to "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence").

The background facts related to Grammer's motion are set forth in detail in this Court's 3/15/19 Order.  As specifically relevant here, Grammer sought summary judgment, *inter alia*, on its claim for statutory conversion against Defendant Beach Mold & Tool, Inc. ("Beach Mold").  In its 3/15/19 Order, this Court agreed with Magistrate Judge Whalen that Grammer was entitled to summary judgment on its claims of breach of contract and common law conversion with respect to certain Tooling that Beach Mold built for Grammer under a contract/bailment agreement between Beach Mold and Grammer.  As to Grammer's statutory conversion claim, however, the Court concluded that:

> [B]ecause neither party appears to have knowledge of the whereabouts of the Tooling at this point, and because there is no evidence in this summary judgment record establishing under what circumstances the

3

Tooling disappeared, Grammer has failed to establish that there is no genuine issue of material fact that Beach Mold converted the Tooling to its own purpose, i.e. to a purpose personal to Beach Mold's interests, and that no reasonable juror could conclude otherwise.

(3/15/19 Order at 23, PgID 3709.)  As the Court explained in its 3/15/19 Order:

Statutory conversion in Michigan covers a more narrow swath of conduct than the common law tort of conversion, as "someone alleging conversion to the defendant's 'own use' under [M.C.L. § 600.2919a(1)(a)] must show that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose.'" *Aroma Wines & Equipment, Inc. v. Columbian Distribution Services, Inc.*, 497 Mich. 337, 359 (2015)) (alterations in original).  The key additional element in a statutory conversion claim, which allows for the recovery of treble damages and attorneys' fees, is that the converter must use the property converted "for a purpose personal to the converter," but that purpose need have no relation to the intended use of the thing converted.

(*Id.* at 17, PgID 3703.)

Grammer continues to insist that there is no genuine issue of material fact that Beach Mold *sold the Tooling* for its own use. But Grammer relies on the allegations of its complaint, not the summary judgment record, in support of this "established fact." (Mot. Recon. 1 and 3, PgID 3719, 3721.)  The summary judgment record is not so clear and does not entitle Grammer to judgment as a matter of law on its statutory conversion claim.  Grammer asserts that there is "no question of fact but that the Tooling was converted by Beach Mold for its "own use" by selling it to iP3,

regardless of whether the Tooling *subsequently* disappeared." (Mot. Recon. 2, PgID 3720.) (Emphasis added.) The summary judgment record, however, does not establish that there is no genuine issue of material fact as to when or how the Tooling "disappeared." Was it lost or stolen prior to the sale, or was it part and parcel of that sale? The summary judgment record does not conclusively establish these facts that are critical to establishing that Beach Mold converted the Tooling to its own use, for a purpose personal to Beach Mold.

The summary judgment record establishes at most that the Tooling was transferred by Beach Mold to Beach Mold's facility in Queretaro, Mexico ("Beachmold Mexico") and that Beachmold Mexico subsequently was sold to a third party, American Industrial Acquisition Corporation d/b/a iP3 ("iP3"). These facts, as the Court concluded in its 3/15/19 Order, entitle Grammer to summary judgment on its breach of contract and common law conversion claims. However, because the summary judgment record does not conclusively establish whether or not the Tooling was in fact sold to iP3, and does not establish as a matter of law that the Tooling was converted to Beach Mold's "own use," the record does not establish statutory conversion as a matter of law.

Grammer has failed to demonstrate a palpable defect by which the Court and the parties have been misled.  Grammer's motion for reconsideration is DENIED.

IT IS SO ORDERED.


                                    s/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE


Dated:  April 23, 2019