UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAMMER INDUSTRIES, INC.,

       Plaintiff,                            No. 15-12694

v.                                        District Judge Paul D. Borman
                                             Magistrate Judge R. Steven Whalen

BEACH MOLD AND TOOL, INC.,
ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant/Cross-Defendant American Industrial Acquisition Corp.'s ("AIAC's") Motion to Dismiss Plaintiff's Second Amended Complaint and Cross-Claimant's Cross Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #91], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.    BACKGROUND**

Plaintiff Grammer Industries, Inc., ("Plaintiff") is a South Carolina corporation, with its principal place of business in Troy, Michigan, that supplies automotive assemblies to automotive manufacturers. Defendant Beach Mold and Tool, Inc. ("Beach Mold, Inc.") is a corporation located in Indiana that manufactures tooling and parts that

-1-

are molded from that tooling. Plaintiff filed a Third Amended Complaint ("TAC")[Doc. #68], alleging that it contacted Beach Mold, Inc. regarding a quote to build tools, and for future consideration to build parts with those tools, that Plaintiff would use in a potential contract with a Fiat Chrysler, LLC ("FCA") program. TAC, ¶ 17. Plaintiff alleges that Beach Mold, Inc. issued a price quotation to Grammer, providing that the tooling would be built at Beach Mold's Indiana facility, and the parts would be "manufactured at our Queretaro, Mexico Facility." *Id*. ¶ 18. Plaintiff also contracted with Advance Mold Incorporated to manufacture a fixture that would be used to produce parts at the Mexico facility, and that fixture was delivered to Beach Mold. *Id*. ¶ 21.[1]

Plaintiff states that FCA placed the program on hold, and in 2015 requested proof of possession of the tooling; in turn, Plaintiff requested the tooling from Beach Mold, Inc.. *Id*. ¶ 27. In response, Beach Mold, Inc. informed Plaintiff "that the assets of the Mexico Facility, including the Tooling, had been sold and/or transferred to iP3 Mexico." *Id*. ¶ 28. Plaintiff claims that because Beach Mold, Inc. did not return the tooling to it, or even provide evidence that it was available for possession, Plaintiff had to reimburse FCA for the tooling. *Id*. ¶ 29.

Plaintiff alleges that around August of 2012, "owners or controlling interests common to Beach Mold and Beachmold Mexico transferred interest in Beachmold

---

[1] In its answer to the TAC, Beach Mold admits that the tooling was shipped to Beachmold Mexico for production of parts, "with Grammer's agreement." *Answer* [Doc. #80], ¶ 26.

Mexico to PIO and PIH," *Id*. ¶ 34, and that upon information and belief, "PIH n/k/a iP3 North America is or was an inactive entity, and AIAC is the successor to PIH." *Id*. ¶ 35. Plaintiff alleges that the assets of Beachmold Mexico (which would include the tooling at issue) were sold, that the proceeds from the sale "are or will be distributed to the owner members, PIO and iP3," and that in turn, "such proceeds will or have been distributed to the member of PIO and iP3 North America, who upon information and belief, is AIAC." *Id*. ¶ 37.

On March 6, 2019, I granted attorney Eric C. Stein and Kopka Pinkus Dolin PLC's motion to withdraw as counsel for AIAC [Dkt. #165]. Because a corporation must be represented in court by an attorney, I ordered AIAC to obtain new counsel within 30 days, warning that its failure to do so would result in entry of default against it. AIAC did not obtain new counsel, and did not respond the March 6, 2019 order. On May 6, 2019, I ordered the Clerk to enter a default against AIAC [Doc. #177], and the Clerk entered the default on the same day [Doc. #178].

## II.   DISCUSSION

Fed.R.Civ.P. 55(a) provides for a Clerk's entry of default:

**(A) Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

In this case, Defendant AIAC, a corporation, was ordered to obtain counsel, and was warned that its failure to do so would result in an entry of default. By not doing so,

AIAC failed to "otherwise defend" the case, and that failure was "otherwise shown" by its disregard of this Court's order. Therefore, I ordered the Clerk to enter a default against AIAC, and the default was duly entered.

Once a clerk has entered a default against a defendant, a court must treat all well-pleaded allegations in the complaint as true. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2008) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief"); *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc*, 982 F.2d 686, 693 (1st Cir. 1993)("Defendant's argument ignores the maxim that an entry of default against a defendant establishes the defendant's liability;" *AF Holdings LLC v. Bossard*, 976 F.Supp.2d 927, 928 (W.D. Mich. 2013)("[B]y virtue of the Clerk's entry of a default against [defendant] in this matter, [plaintiff] has conclusively established that [defendant] is liable of all four counts of [plaintiff's] Complaint")(citing *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5 (1st Cir. 1985)("There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law.")).

AIAC's Rule 12(b)(6) motion is based on the argument that Plaintiff's and counter-claimant's complaints are factually insufficient to state a claim on which relief can be granted. That argument is defeated by virtue of the Clerk's entry of default, which, pursuant to the above cases, conclusively establishes the truth of the Plaintiff's

-4-

and counter-claimants allegations, as well as AIAC's liability.[2] AIAC's motion to dismiss must therefore be denied.

### III. CONCLUSION

I therefore recommend that Defendant/Cross-Defendant AIAC's motion to dismiss [Doc. #91] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

---

[2] However, neither Plaintiff nor cross-claimant have moved yet for a default *judgment* under Fed.R.Civ.P. 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). The entry of default is a prerequisite to entry of a default judgment. *See Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b).").

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 3, 2019                    s/R. Steven Whalen
                                       R. STEVEN WHALEN
                                       UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on June 3, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 3, 2019.

                                       s/Carolyn M. Ciesla
                                       Case Manager for the
                                       Honorable R. Steven Whalen